IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY JO JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0484-WS-C |
| | ) |
| **COMMISSIONER, SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

By order entered January 31, 2007 in response to the plaintiff's long history of filing frivolous lawsuits, Judge Butler entered an order prohibiting the plaintiff "from filing any new actions without prior review and approval by the Court." *Jones v. State of Alabama*, Civil No. 03-0765-CB, Doc.15. Unless the reviewing judge "concludes that the proposed complaint meets the applicable pleading and jurisdictional requirements," the Clerk "shall retain a copy of the proposed complaint for the Court's records and shall return the original to Ms. Jones along with a notice that it was not accepted for filing." (*Id.*). A miscellaneous file has been established as a repository for attempted filings by the plaintiffs and rulings thereon. *In the Matter of Beverly Jo Jones*, Misc. No. 09-1002. The miscellaneous action, and Judge Butler's procedure, have been employed five times since, each resulting in a rejection of Ms. Jones' proposed filing. *Id.*, Docs. 2, 5, 6, 8, 9.

Perhaps in an effort to skirt these requirements, the plaintiff filed the instant action in the District Court for the District of Columbia.[1] That Court has now transferred the action to this District, (Doc. 4), where it becomes subject to Judge Butler's order.

---

[1] The plaintiff's complaint expressly acknowledges that her action was by statute required to be filed in this District, where she resides, (Doc. 1 at 1), yet she nevertheless filed suit in the District of Columbia. Her explanation for ignoring the statutory directive – that she is a home publisher and is enrolled in an on-line college, (*id.* at 2) – is facially inadequate to justify her conduct.

The complaint alleges that, in November 2011, the plaintiff was notified by the defendant of an increase in her Social Security monthly benefit and in her Supplemental Security Income ("SSI") monthly payment. (Doc. 1, Exhibit I). The plaintiff filed a request for reconsideration, (*id*., Exhibit IV), but the defendant improperly "refus[es] to provide Plaintiff a <u>Formal Conference</u> type appeal from the decision on the amount of Social Security and SSI designated for Plaintiff to receive." (Doc. 1 at 4 (emphasis in original)).

The threshold problem with the plaintiff's case is that the pertinent regulations do not provide for a formal conference. The disability regulations do not use the term at all, and the SSI regulations authorize a formal conference only if the SSI benefits are being suspended, terminated or reduced. 20 C.F.R. §§ 404.913, 416.1413a, 416.1413b.[2] Since the plaintiff's SSI benefits were increased, not reduced or stopped, she had no right to a formal conference.

The second but equally fatal flaw in the plaintiff's case is that she did not request a formal conference. When a formal conference is available, it must be chosen by the benefits recipient. 20 C.F.R. § 416.1413b. The plaintiff was so notified. (Doc. 1, Exhibit IV-3). The plaintiff, however, when filling out her form "request for reconsideration," which included alternative boxes for case review, informal conference and formal conference, selected " informal conference." (*Id*., Exhibit IV-1).

Given the legal unavailability of a formal conference and the factual failure of the plaintiff to request a formal conference, her lawsuit – which complains exclusively of the defendant's failure to provide a formal conference – is necessarily frivolous. A substantively identical complaint attempted to be filed in this District has already been refused for filing on this ground. *In the Matter of Beverly Jo Jones*, Misc. No. 09-1002, Doc. 9.

The plaintiff has sought leave to proceed in forma pauperis. (Doc. 2). As to such cases, "the court shall dismiss the case at any time if the court determines that … the

---

[2] The defendant notified the plaintiff of these limitations on the availability of a formal conference in SSI cases. (Doc. 1, Exhibit IV-3).

2

action … is frivolous ….." 28 U.S.C. § 1915(e)(2).  This action is plainly frivolous.  It is therefore **dismissed**.

DONE and ORDERED this 16th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE